ORAL ARGUMENT HELD ON SEPTEMBER 7, 2022
DECISION ISSUED ON FEBRUARY 14, 2023
PETITION FOR WRIT OF CERTIORARI GRANTED ON JULY 2, 2024

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| EDISON ELECTRIC INSTITUTE, *et al.*, <br><br> *Petitioners*, <br><br> v. <br><br> FEDERAL ENERGY REGULATORY COMMISSION, <br><br> *Respondent*, <br><br> BROADVIEW SOLAR, LLC and NEWSUN ENERGY, LLC, <br><br> *Respondent-Intervenors.* | Nos. 21-1136, 21-1142, 21-1149 (consolidated) |

**JOINT MOTION TO SET SUPPLEMENTAL
BRIEFING FORMAT AND SCHEDULE**

Pursuant to Federal Rule of Appellate Procedure 27 and Circuit Rule 27, Petitioners Edison Electric Institute and NorthWestern Corporation, d/b/a NorthWestern Energy ("Petitioners"), Respondent Federal Energy Regulatory Commission ("Commission" or "FERC"), Respondent-Intervenors Broadview Solar, LLC and NewSun Energy, LLC, and Solar Energy Industries Association (petitioner in cases 21-1126 and 21-1175) hereby move for an order establishing the

1

supplemental briefing schedule and format proposed below, to govern proceedings in this Court following the Supreme Court's recent remand.

In support of this joint motion, the parties state as follows:

## **BACKGROUND**

1. Petitioners in the three above-captioned appeals are the Edison Electric Institute (the "Institute") in cases 21-1136 and 21-1142, and NorthWestern Corporation d/b/a NorthWestern Energy ("NorthWestern Energy") in case 21-1149. NewSun Energy LLC ("NewSun") and Broadview Solar, LLC ("Broadview") are respondent-intervenors. The Commission is the respondent in all of the consolidated cases.[1]

2. These consolidated petitions seek review of certain orders of the Commission addressing whether Broadview's proposed solar generation facility and battery energy storage system constitute a "qualifying facility" for purposes of the Public Utility Regulatory Policies Act of 1978 ("PURPA"). *See* 16 U.S.C. §§ 796(17)-(18). *See* Order Addressing Arguments Raised on Rehearing and Setting Aside Prior Order, *Broadview Solar, LLC*, 174 FERC ¶ 61,199 (Mar. 19, 2021), *as*

---

[1] The Solar Energy Industries Association (the "Solar Association") was a petitioner in cases 21-1126 and 21-1175, consolidated with the above-captioned cases. This Court dismissed the Solar Association's petition for review in its original panel decision and the Solar Association did not seek further review of that ruling. At this stage in the proceedings, and as reflected in the proposed schedule, the Solar Association intends to seek leave to file a brief as *amicus curiae* supporting the Commission, and does not intend to file a brief in its capacity as petitioner.

*modified by* Errata Notice, *Broadview Solar, LLC*, Docket No. QF17-454-006 (Mar. 24, 2021); Notice of Denial of Rehearings by Operation of Law and Providing for Further Consideration, *Broadview Solar, LLC*, 175 FERC ¶ 62,100 (May 17, 2021); Order Addressing Arguments Raised on Rehearing, *Broadview Solar, LLC*, 175 FERC ¶ 61,228 (June 17, 2021).

3.  On February 14, 2023, this Court issued a decision denying the above-captioned petitions for review. *Solar Energy Industries Ass'n v. FERC*, 59 F.4th 1287 (D.C. Cir. 2023). This Court explained that "[b]ecause we conclude that the Commission's interpretation of the statute is entitled to [*Chevron*] deference and that the Commission did not act arbitrarily or capriciously, we deny the [Institute and NorthWestern's] petitions." *Id.* at 1290. The Institute and NorthWestern Energy filed a petition for writ of certiorari, and on July 2, 2024, the Supreme Court granted that petition, vacated this Court's judgment, and remanded for further consideration in light of *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024). *See Edison Electric Institute v. FERC*, No. 22-1246, 2024 WL 3259657 (U.S. July 2, 2024). On August 5, 2024, the Supreme Court transmitted to this Court a certified copy of its judgment.

## PROPOSED BRIEFING FORMAT AND SCHEDULE

4. In light of the Supreme Court's vacatur and remand, the undersigned parties have conferred and jointly propose the briefing format and schedule set forth below, to govern the remand proceedings in this Court.

| Event | Deadline | Word Limit |
|---|---|---|
| Petitioners' Joint Supplemental Brief | October 11, 2024 | 5,000 words |
| Respondent's Supplemental Brief | November 15, 2024 | 5,000 words |
| Respondent-Intervenors' Joint Supplemental Brief | November 25, 2024 | 3,500 words |
| Motions of Solar Energy Industries Association and other prospective *amici* for Leave to File Briefs as *Amici Curiae* in Support of Respondent (with proposed brief) | December 2, 2024 | Proposed *amicus* brief not to exceed 2,500 words |
| Petitioners' Joint Supplemental Reply Brief | December 20, 2024 | 2,500 words |

## JUSTIFICATION FOR PROPOSED SUPPLEMENTAL BRIEFING FORMAT AND SCHEDULE

5. The parties respectfully propose that a sequential format for supplemental briefing would be consistent with what this Court has authorized in other cases following Supreme Court remand orders, and would provide an appropriate opportunity for the parties to present their views on the relevance of the Supreme Court having overruled *Chevron U. S. A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), the framework that this Court previously applied in deciding the statutory construction issues in this case. A sequential briefing format allows an opportunity for adversarial presentation of issues, which the parties believe may be useful to the Court given the importance and nature of the issues presented here. Questions about how this Court reviews the Commission's interpretation of statutes it administers arise frequently and are of considerable importance to the Commission and regulated parties.

6. The parties have worked to reduce duplicative briefing and the aggregate length of supplemental briefs. As with the original merits briefing, Petitioners the Institute and NorthWestern Energy will brief jointly, as will Respondent-Intervenors NewSun and Broadview.

7. The parties respectfully submit that briefs of 5,000 words for the principal parties (Petitioners and the Commission), and a 3,500-word brief for respondent-intervenors (consistent with the ratio for intervenor briefs reflected in

this Court's Rule 32(e)(2)), would be appropriate here. Meaningful supplemental briefing would allow the parties to address the relevance of *Loper Bright* to the statutory interpretation questions presented in this appeal. Among other things, the parties anticipate that supplemental briefs may appropriately address how this Court should exercise "independent judgment in deciding whether [the Commission] has acted within its statutory authority," *see Loper Bright*, 144 S. Ct. at 2273; the relevance of *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), to the issues presented in this case, *see Loper Bright*, 144 S. Ct. at 2262; and any features of the agency proceedings or specific statutory provisions at issue here that may bear on the role of a reviewing court, *see id.* at 2262-63. To allow an opportunity for adversarial testing of arguments presented by the Commission and Respondent-Intervenors, the proposed schedule provides for a reply brief for Petitioners.

8. Following "GVR" (i.e., grant, vacate, and remand) orders from the Supreme Court, this Court has in the past authorized sequential supplemental briefing, or other briefing formats that allow for meaningful adversarial testing. *E.g.*, Order, *Hwang v. Japan*, No. 01-7169 (Oct. 13, 2004) (Doc. 854080) (sequential briefing for appellant, appellee, and reply); Orders, *Bohon v. FERC*, No. 20-5203 (July 7 & Sept. 27, 2023) (post-GVR orders authorizing simultaneous supplemental opening and response briefs).

6

9. With regard to the timing of the proposed supplemental briefing schedule, the parties have conferred and agreed upon the dates set forth above, which account for existing professional and personal commitments of counsel, while providing adequate time for the preparation of briefs and, as needed, coordination between aligned parties.

## **CONCLUSION**

For the reasons given above, the parties request that the Court enter an order adopting the supplemental briefing format and schedule set forth above.

Date: September 3, 2024

/s/ Sarah N. Norcott (by permission)
Sarah N. Norcott
NORTHWESTERN CORPORATION
   D/B/A NORTHWESTERN ENERGY
208 North Montana Avenue
Suite 200
Helena, MT 59601
Phone: 406.443.8996
Email: sarah.norcott@northwestern.com

*Counsel for Petitioner NorthWestern Corporation d/b/a NorthWestern Energy*

/s/ Jared B. Fish (by permission)
Jared B. Fish
Federal Energy Regulatory Commission
888 First Street NE
Washington, DC 20426
(202) 502-8101
Jared.fish@ferc.gov

*Counsel for Federal Energy Regulatory Commission*

/s/ Gregory M. Adams (by permission)
Gregory M. Adams
RICHARDSON ADAMS, PLLC
515 N. 27th Street
Boise, Idaho 83702
(208) 938-2236
greg@richardsonadams.com

*Counsel for NewSun Energy LLC*

Respectfully submitted,

/s/ Jeremy C. Marwell
Jeremy C. Marwell
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
Phone: 202.639.6507
Email: jmarwell@velaw.com

*Counsel for Petitioner Edison Electric Institute*

/s/ Robert M. Loeb (by permission)
Robert M. Loeb
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street NW
Washington, DC 20005
(202) 339-8400
rloeb@orrick.com

*Counsel for Broadview Solar LLC*

/s/ Kevin Poloncarz (by permission)
Kevin Poloncarz
Jayni Hein
COVINGTON & BURLING LLP
415 Mission Street, 54th Floor
San Francisco, CA 94105-2533
(415) 591-7070
kpoloncarz@cov.com

*Counsel for Solar Energy Industries Association*

# **CERTIFICATE OF COMPLIANCE**

1. This motion contains 1,134 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f) and 27(d)(2).

2. This notice complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman 14-point font.

September 3, 2024
/s/ *Jeremy C. Marwell*
Jeremy C. Marwell
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
Phone: 202.639.6507
Email: jmarwell@velaw.com

# **CERTIFICATE OF SERVICE**

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure, I hereby certify that on September 3, 2024, I electronically filed the foregoing document with the Clerk of the Court for the U.S. Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system, and served copies of the foregoing via the Court's CM/ECF system on all ECF-registered counsel.

September 3, 2024

*/s/ Jeremy C. Marwell*
Jeremy C. Marwell
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
Phone: 202.639.6507
Email: jmarwell@velaw.com